```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF VERMONT
```

CHRISTOPHER ORKINS,              :
    Plaintiff                    :
                                             :
    v.                           :    CIVIL NO. 1:04CV49
                                             :
SPARTAN CHEMICAL COMPANY, INC.,  :
    Defendant                    :
_____ :

### RULING ON DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT
### (Paper 35)

    This case has been the subject of a previous Ruling on Motion for Summary Judgment (Paper 29) (hereinafter "First Summary Judgment Ruling").  The First Summary Judgment Ruling is incorporated herein, and familiarity with that decision is assumed.

    In effect, the First Summary Judgment Ruling dismissed the plaintiff's claims, to the extent they were based on a failure to warn or label, as preempted by FIFRA.  See Paper 29 at 5.  In addition, the Court afforded the plaintiff an opportunity to conduct discovery in order to demonstrate his two remaining claims, delineated as based on "strict liability" and "negligence," are not likewise subject to dismissal because they are, in actuality, "predicated on a failure to warn or inadequate labeling . . . ."  See Paper 29 at 6.

    With discovery completed, the defendant has filed this Second Motion for Summary Judgment.  The defendant makes two

arguments: (1) Plaintiff's sole expert's testimony is inadmissible under Daubert; and (2) the plaintiff has failed to present evidence which supports a prima facie claim of either strict liability or negligence.

Even assuming the opinions of plaintiff's expert, Dr. Daniel O'Brien, are admissible at trial, the two remaining claims must be dismissed because they are unsupported in the record before the Court by any material fact.  Dr. O'Brien's proposed testimony and conclusions are clear.  He states:

> It is also my opinion that the labeling for CDC-10 is deficient in that it fails to warn the user that this product is capable of inducing asthma/reactive airways. Further[more] no instructions are provided to prevent inhalation of the product. (July 30, 2004 Report, appended to Paper 35).
>
> By failing to submit [readily available information about CDC-10's sensitization properties] to EPA, Spartan was not in compliance with the requirements of FIFRA.  In addition, the EPA, lacking this important toxicity information regarding the active ingredients, could not make a rational evaluation of the submitted draft labeling for CDC-10.  Any approval of the CDC-10 labeling was based upon incomplete information. (Aug. 20, 2004 Report, appended to Paper 35).

These opinions demonstrate the plaintiff's remaining claims "however couched, boil[] down to an assertion that a pesticide's label failed to warn of the damage plaintiff allegedly suffered [and therefore are] preempted by FIFRA." Williams v. Dow Chem. Co., 255 F. Supp. 2d 219, 229 (S.D.N.Y. 2003).

Similarly, the plaintiff has not presented other evidence to support his tort-based allegations.  To establish strict products liability, the plaintiff must show, inter alia, that the defendant's product is "defective."  See, e.g., Farnham v. Bombardier, Inc., 161 Vt. 619, 620 (1994).  Dr. O'Brien, however, states that CDC-10 is not defective.  See O'Brien Deposition (appended to Paper 35 as Ex. H) at 66 (testifying that, while he considers CDC-10 "unreasonably dangerous," it does not contain a "manufacturing defect").

Likewise, to demonstrate negligence, the plaintiff must show the defendant breached a legal duty.  See, e.g., Langle v. Kurkul, 146 Vt. 513, 518-19 (1986).  Here, the only breached legal duty identified by plaintiff's expert relates to the preempted claim that the defendant failed to warn or label.  See Johnson v. Monsanto Chem. Co., 129 F. Supp. 2d 189, 194 (N.D.N.Y. 2001)("To the extent the Plaintiffs' negligence claims are predicated on failure to warn and inadequate labeling, they are preempted by FIFRA.")(citation and quotations omitted).

Lastly, without any supporting evidence, the plaintiff now maintains this matter contains a disputed material fact on the issue of whether a "bad batch" of CDC-10 was placed in the stream of commerce.  See Paper 48 at 2; Paper 49 at para. 3.  It is well established that such a conclusory allegation, made at the completion of discovery, does not raise an issue which avoids the

3

entry of summary judgment.  See, e.g., Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir. 1980)("The litigant opposing summary judgment, therefore, may not rest upon mere conclusory allegations or denials as a vehicle for obtaining a trial.")(citation and quotations omitted).

    The Second Motion for Summary Judgment as to plaintiff's remaining claims is GRANTED.

    SO ORDERED.

    Dated at Brattleboro, Vermont, this 14th day of July, 2005.

                                    /s/ J. Garvan Murtha  
                                    J. Garvan Murtha  
                                    United States District Judge